```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO


ALEXANDER MONGE,                    *
                                    *
     Plaintiff                      *
                                    *
vs.                                 *    CIVIL NO. 04-1596 (JP)
                                    *
ANGEL CORTES, et al.,               *
                                    *
     Defendants                     *
                                    *
```

**OPINION AND ORDER**

During the pre-trial conference and during the first day of the jury trial in this matter, the undersigned has issued several oral rulings on the matter of the undisputed facts in this case. This Court, as a matter of course, identifies as many uncontested facts as possible. This practice aids the jury in their deliberations, and avoids undue cost and delay by sparing the parties from the necessity of having to present at trial issues that are not in dispute.

In the instant case, the Court held an Initial Scheduling Conference ("ISC") on May 4, 2005. One of the main tenets of the undersigned's Initial Scheduling Conference method is to allow the parties to make various stipulations of fact, thereby discovery costs, promoting settlement, and streamlining trials. See Jaime Pieras, <u>Judicial Economy and Efficiency Through the Initial Scheduling Conference: The Method</u>, 35 Cath. U. L. Rev. 943 (1986).[1]

---

[1] Senior District Judge Pieras was the Chairman of the District committee organized pursuant to the Civil Justice Reform Act, and also the Chairman of the Puerto Rico Bar Association Committee on the Rules of Civil Procedure.

CIVIL NO. 04-1596 (JP)          -2-

These facts are collected in the Court's ISC Order (docket No. 24) in the instant case, in a section titled "Uncontroverted Facts of the Parties."

The Court also takes advantage of the ISC method in order to schedule the remainder of the litigation. The Court sets depositions and deadlines, including the deadline for dispositive motions. In the instant case, the Court, in the ISC Order, granted the parties until August 8, 2005, for the filing of any dispositive motions, and until August 29, 2005, for the filing of oppositions to any dispositive motions filed. The Court's opposition deadline allowed more time than the ten-day opposition deadline set forth in Local Rule 7(b). The Court further warned the parties of the perils of straying from Court deadlines:

> Non-compliance with any Order herein may result in the imposition of sanctions on the non-complying party, attorney, or both, which may include the imposition of a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading. <u>The Court warns the parties that the Court **SHALL NOT** grant extensions of time to oppose or motions for leave to file replies. Therefore, the Court urges the parties to allot and manage their time carefully in order to comply with their obligation to the Court fully and timely</u>.

ISC Order at 12 (emphasis in original).

As this Court recounted in its "Opinion and Order" of January 23, 2006 (docket No. 62), the Defendants filed their motion for summary judgment on August 8, 2005. The Plaintiff did not timely oppose the motion by August 29, 2005, nor did he request an extension of time to do so. On August 30, 2005, Defendants filed a "Motion for

CIVIL NO. 04-1596 (JP)            -3-

Judgment in Favor of Defendants and to Adjudicate Unopposed Motion for Summary Judgment and Memorandum of Law in Support Thereof" (docket No. 49), requesting that the Court treat their motion for summary judgment as unopposed due to Plaintiffs' failure to timely oppose it.  Plaintiff opposed (docket No. 50) the motion to adjudicate the motion for summary judgment as unopposed on August 30, 2005, citing his heavy workload.

The Court granted the Defendants' motion and gave its reasons for doing so.

> As the First Circuit has stated, "the fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1 (1st Cir. 2002). When the party bearing the responsibility of opposing a motion for summary judgment fails to do so in a timely fashion, the Court may consider the motion as unopposed and disregard a subsequently filed opposition, taking the movant's properly-supported statement of uncontested facts as true.  See Vélez v. Awning Windows, Inc., 375 F.3d 35, 41-42 (1st Cir. 2004).

(Docket No. 62 at 13-14).

According to Local Rule of Civil Procedure 56,

> A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule.

Local Rule 56(b).  The summary judgment process also places a burden on the non-moving party:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and

CIVIL NO. 04-1596 (JP)          -4-

> concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.

Local Rule 56(c). Failure to comply with Local Rule 56(c) carries with it a severe penalty:

> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Local Rule 56(e).

Pursuant to the Local Rules for this District and the jurisprudence of the United States Court of Appeals for the First Circuit, the Court adjudicated the motion for summary judgment as unopposed. Nevertheless, the Plaintiff filed an opposition to the motion for summary judgment on September 16, 2005. Although the Court was within its authority when it adjudicated the motion as unopposed, it is clear from a close analysis of the Plaintiff's opposition that even if the Court had opted to consider the

CIVIL NO. 04-1596 (JP)             -5-

opposition, the decision would have been the same.  The Court now examines the Plaintiff's "Contested Issues of Fact" (docket No. 53) with respect to the Defendants' motion for summary judgment, and concludes that the Plaintiff's untimely opposition could not have raised a genuine issue of material fact even if it had been considered by the Court.  In doing so, the Court makes reference to each of the Plaintiff's denials as to the facts proposed by the Defendants in their "Statement of Uncontroverted Material Facts" (docket No. 39).

1. The Plaintiffs object to Defendants' Proposed Fact # 4: "In view of this situation, the Medical Center needs to procure that this limited space is used by only those in need of its services, the ambulances and the handicapped, among others in similar need."  The Defendants support this fact with the Sworn Statement of José Torres.  The Plaintiff attempts to controvert it with a section from the deposition of Ivia Cruz which does not controvert it.

2. The Plaintiffs object to Defendants' Proposed Fact # 5: "As part of the procedures in the PRMC, the vaccines that were stored in the warehouse of that institution were closely guarded, like those in all the medical institutions, including the private ones. This is precisely Agent JOSÉ LUIS TORRES RIVERA'S responsibility assigned at the PRMC." The Defendants support this fact

CIVIL NO. 04-1596 (JP)          -6-

       with the Sworn Statement of José Torres.  The Plaintiff cites no evidence in opposition.

3.   The Plaintiffs object to Defendants' Proposed Fact # 7: "The security guards that worked at the PRMC are employees of Administration of Medical & Emergency Services, (or "ASEM" by its Spanish acronym, or the "Administration"), the corporation that administers the medical and various other professional services that are provided in parts of that institution."  This fact was stipulated by the parties during the ISC and appears in the ISC Order as Uncontested Fact "E".  Furthermore, the Plaintiff cites no evidence in opposition.

4.   The Plaintiffs object to Defendants' Proposed Fact # 13: "Plaintiff was asked several times by co-Defendant ANGEL CORTÉS to please move the vehicle." This fact was stipulated by the parties during the ISC and appears in the ISC Order as Uncontested Fact "K".  Furthermore, the Plaintiff cites no evidence in opposition.

5.   The Plaintiffs object to Defendants' Proposed Fact # 18: "Later on, when the criminal charges of this case were to be attended at the Police Headquarters, contrary to the information previously provided by the Police to the guards at the PRMC, the charges were filed against the guards and not against the Plaintiff." This fact was stipulated by the parties during the ISC and appears in

CIVIL NO. 04-1596 (JP)          -7-

> the ISC Order as Uncontested Fact "P". Furthermore, the Plaintiff cites no evidence in opposition.

6. The Plaintiffs object to Defendants' Proposed Fact # 19: "A Police Report was filed against Plaintiff Alexander Monge by the Police Department sometime after the accident." This fact was stipulated by the parties during the ISC and appears in the ISC Order as Uncontested Fact "Q". Furthermore, the Plaintiff cites no evidence in opposition.

7. The Plaintiffs object to Defendants' Proposed Facts # 24, 26-31: The Court will not list these fact nor the Plaintiff's objections, as the Court did not admit these facts.

8. The Plaintiffs object to Defendants' Proposed Fact # 33: "Agent JOSÉ LUIS TORRES RIVERA only saw the security guards of ASEM trying to arrest Alexander Monge and when he saw him, he [Plaintiff] allowed his arrest by the security guards of ASEM." The Defendants support this fact with the Sworn Statement of José Torres. The Plaintiff attempts to controvert it with a section from the deposition of Ivia Cruz which does not controvert it. The Court admitted the fact as two separate facts.

9. The Plaintiffs object to Defendants' Proposed Fact # 34: "Agent JOSÉ LUIS TORRES RIVERA never saw any physical attack against Alexander Monge or his wife/companion Ivia

CIVIL NO. 04-1596 (JP)            -8-

> Cruz, by the Defendants; to wit: ANGEL CORTÉS, GILBERTO DÍAZ; MIGUEL MARÍN; CARLOS AQUINO; and JUAN MATOS." The Defendants support this fact with the Sworn Statement of José Torres.  The Plaintiff cites no evidence in opposition.

10. The Plaintiffs object to Defendants' Proposed Fact # 36: "Agent JOSÉ LUIS TORRES RIVERA prevented Alexander Monge's wife or companion, of intervening in the situation provoked by Alexander Monge. This, by security reasons." The Defendants support this fact with the Sworn Statement of José Torres.  The Plaintiff cites no evidence in opposition.  Moreover, segments of the deposition of Ivia Cruz would appear to support the fact as proposed by the Defendants.  The Court admitted this fact, but rephrased it for clarity as follows: "For security reasons, Agent Torres prevented Monge's wife from intervening in the situation provoked by Alexander Monge."

11. The Plaintiffs object to Defendants' Proposed Fact # 39: "While Agent JOSÉ LUIS TORRES RIVERA was waiting Sergeant René Ramírez and the unit patrol to arrive, Alexander Monge was arrested and placed into custody with handcuffs but was not physically detained by anyone. In fact, he was walking around the periphery." The Defendants support this fact with the Sworn Statement of José Torres.  The Plaintiff cites no evidence in opposition.

CIVIL NO. 04-1596 (JP)          -9-

    12.   The Plaintiffs object to Defendants' Proposed Fact # 40: "While Agent JOSÉ LUIS TORRES RIVERA was waiting Sergeant René Ramírez and the unit patrol to arrive he never saw any physical contact against Alexander Monge or her wife/companion." The Defendants support this fact with the Sworn Statement of José Torres.  The Plaintiff cites no evidence in opposition.

    13.   The Plaintiffs object to Defendants' Proposed Fact # 41: "Then, Agent JOSÉ LUIS TORRES RIVERA explained what occurred and Sergeant René Ramírez told him to go back to his workplace, where the supplies of the vaccines were located." The Defendants support this fact with the Sworn Statement of José Torres.  The Plaintiff cites no evidence in opposition.

    14.   The Plaintiffs object to Defendants' Proposed Fact # 42: "Sergeant René Ramírez and other police officers stayed at the scene with Alexander Monge and the security guards of ASEM. Shortly thereafter, Agent JOSÉ LUIS TORRES RIVERA saw that they walked and stayed at the ASEM Security Offices with some security guards of ASEM." The Defendants support this fact with the Sworn Statement of José Torres. The Plaintiff cites no evidence in opposition.

    15.   The Plaintiffs object to Defendants' Proposed Facts # 43-59, 64-74: The Defendants support these facts with a variety of documents.  The Plaintiff provides no citation

CIVIL NO. 04-1596 (JP)            -10-

>     to anything that would controvert it, opting instead to argue only that the Defendants are "trying to argue their criminal trial in this civil matter."
> 
> 16. The Plaintiffs object to Defendants' Proposed Facts # 62. "Co-defendant JUAN MATOS acted at all times in good faith, and following the responsibilities imposed by the Description of Duties of ASEM Security Guards." The Defendants support this fact with the Sworn Statement of Juan Matos, and a document entitled "Description of Duties of ASEM Security Guards." The Plaintiff cites generally to six pages of the deposition of Ivia Cruz which do not controvert it.
> 
> 17. The Plaintiffs object to Defendants' Proposed Facts # 63. "Co-defendant JUAN MATOS duties are not as a 'law enforcement officer' and because there is no 'police force' in ASEM." The Defendants support this fact with the Sworn Statement of Juan Matos, and a document entitled "Description of Duties of ASEM Security Guards." The Plaintiff cites no evidence in opposition.

Even when examining the opposition which the Court rightfully chose to disregard due to untimeliness, the facts before the Court remain the same, and have been presented to the jury in aid of their decision-making, and to prevent both parties from litigating facts which have already been established as uncontroverted. The Plaintiff was given a deadline under which to oppose the Defendants' motion for

CIVIL NO. 04-1596 (JP)          -11-

summary judgment, and he failed to meet that deadline, though he had been warned in the ISC Order that "Non-compliance... may result in the imposition of sanctions... which may include the imposition of a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading."  ISC Order at 12.

Furthermore, the Federal Rules of Civil Procedure provide for the determination by the Court of which facts are uncontroverted prior to the trial stage of the litigation, and for the use of those facts at the trial stage. Rule 56(d) of the Federal Rules of Civil Procedure states that:

> If on motion under [Rule 56] judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. **It shall thereupon make an order specifying the facts that appear without substantial controversy,** including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. **Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.**

Fed. R. Civ. P. 56(d) (emphasis added).  The First Circuit has recognized the use of facts ascertained at the summary judgment stage at the time of trial in order to accordingly narrow the scope of the litigation. See Alberty-Vélez v. Corporación de Puerto Rico Para la Difusión Pública, 242 F.3d 418, 422 (1st Cir. 2001) ("Facts specified

CIVIL NO. 04-1596 (JP)          -12-

[as uncontroverted at the summary judgment stage] 'shall be deemed established, and the trial shall be conducted accordingly.'"), <u>citing</u> Fed. R. Civ. P. 56(d). As the drafters of Rule 56(d) point out, that provision "serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact. Advisory Committee Notes to Fed. R. Civ. P. 56(d).

Satisfying the requirements of Fed. R. Civ. P. 56(d), the Court specified which facts it deemed uncontroverted in its "Opinion and Order" resolving the motion for summary judgment. <u>See</u> Docket No. 62 at 3. As the Court clearly stated in the "Opinion and Order,"

> After throughly evaluating the parties' stipulations in the record and the Defendants' statement of proposed uncontested facts and supporting evidence, the Court determines that the following material facts are not in genuine issue or dispute.

Docket No. 62 at 3. The Court then listed the facts that it had found to be uncontroverted after an examination of the pleadings. The Court informed the parties at the pre-trial conference of its practice of providing the jury with a copy of the listing of uncontroverted facts in the case, and the parties were each sent a copy of the list (termed the "Chart of Uncontroverted Facts") via email prior to the beginning of the trial. The list includes only the facts identified as uncontroverted in the Court's "Opinion and Order" at Docket No. 62.

The Court adjudicated the motion for summary judgment in accordance with the Rules of Civil Procedure, the Local Rules of this District, and the jurisprudence of the First Circuit. The Court

CIVIL NO. 04-1596 (JP)			-13-

exercised its authority under Rule 56(d) and made available to the jury the facts which the Initial Scheduling Conference and the evidence presented in support of the motion for summary judgment show are beyond dispute.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of February, 2006.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE
